# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AHMED MOHAMED BELADI AND ILIHIN HASSEN IBRAHIM,<br><br>    **Plaintiff,**<br><br>  v.<br><br>ANTONY BLINKEN, SECRETARY OF THE U.S. DEPARTMENT OF STATE, DAVID RENZ, DEPUTY CHIEF OF MISSION FOR THE U.S. DEPARTMENT OF STATE, ALEJANDRO MAYORKAS, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, L. FRANCIS CISSNA, DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, DEBRA ROGERS, DIRECTOR FOR SERVICE CENTER OPERATIONS FOR THE USCIS POTOMAC SERVICE CENTER, AND MONTY WILKINSON, ACTING U.S. ATTORNEY GENERAL<br><br>    **Defendants.** | NO. _____ |

## I. INTRODUCTION

1. This is a civil action brought to compel Defendants and those acting under them to complete the adjudication of Plaintiff Ilihin Hassen Ibrahim's

1

application for an immigrant visa pursuant to the relative petition filed on her behalf by her husband, Ahmed Mohamed Beladi.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 2201 [Declaratory Judgment Act], 28 U.S.C. § 1361 [mandamus statute], 28 U.S.C. § 1331 [federal question statute], 5 U.S.C. § 701 et seq. and 5 U.S.C. § 551, *et seq.* [collectively, the Administrative Procedure Act], and 28 U.S.C. § 2412(d) [Equal Access to Justice Act].

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) based upon the residence of the Plaintiff Mohamed Ahmed Beladi, who resides in Harrisburg, Pennsylvania.

## III. PARTIES

4. Plaintiff Mohamed Ahmed Beladi is a U.S. Citizen by Naturalization. He is a resident of Harrisburg, Pennsylvania. He is the petitioner for a spousal immigrant visa for his wife.

5. Plaintiff Ilihin Hassen Ibrahim is a citizen of Ethiopia. She is a resident of Negela Borena, Ethiopia. She is the applicant for an immigrant visa pursuant to a visa petition filed by her husband Ahmed Mohamed Beladi.

6. Defendant Antony Blinken is being sued in his official capacity as the Secretary of the U.S. Department of State, the department which has jurisdiction over the issuance of visas.

7. Defendant David Renz is being sued in his official capacity as the Deputy Chief of Mission for the U.S. Embassy in Addis Ababa, Ethiopia the office which has jurisdiction over Ilihin Hassen Ibrahim's visa.

8. Defendant Alejandro Mayorkas is sued in his official capacity as Secretary of the Department of Homeland Security. As the Secretary of the Department of Homeland Security, he is responsible for the administration and enforcement of the immigration laws of the United States of America and is further authorized to delegate such powers and authorities to subordinate employees of the Department of Homeland Security under 8 U.S.C. § 1103(a).

9. Defendant L. Francis Cissna is sued in his official capacity as the Director of U.S. Citizenship and Immigration Services ("USCIS"). USCIS is the component of the Department of Homeland Security that is responsible for adjudicating immigration petitions. As the Director of USCIS, he is responsible for the implementation of the immigration laws of the United States.

10. Defendant Debra Rogers is sued in her official capacity as the Director for Service Center Operations for the Potomac Service Center, the office that approved Mr. Ahmed Beladi's Petition for Alien Relative on behalf of Ilihin

Hassen Ibrahim and the same office that would be responsible for revoking the approval of that petition.

11. Defendant Monty Wilkinson is the acting Attorney General of the United States and this action is brought against him in his official capacity. He is charged with determining all issues of law pertaining to the immigration and naturalization of aliens pursuant to 8 U.S.C. § 1103(g). He is further charged with representing the United States in legal matters generally.

### IV. FACTUAL ALLEGATIONS

12. Plaintiff Ahmed Mohamed Beladi is a U.S. citizen. He filed a Form 1-130 Petition for Alien Relative for his wife, plaintiff Ilihin Hassen Ibrahim. That petition was approved by USCIS on October 29, 2018.

13. The application then moved to the National Visa Center and eventually to Embassy processing, which the Embassy in Addis Ababa, Ethiopia has jurisdiction over.

14. Ilihin Hassen Ibrahim was then interviewed for a CR-1 visa by the Embassy in Ethiopia on or about September 24, 2019. On September 24, 2019, the Embassy sent an email notification to Ahmed Mohamed Beladi, which indicates that her visa application was refused. The email further indicated that the Embassy would be returning the case to USCIS with a recommendation that it be revoked.

15. Plaintiffs Ahmed Mohamed Beladi and Ilihin Hassen Ibrahim have contacted USCIS many times to inquire about the status of the case and were eventually told that the case was still with the National Visa Center.

16. While more than a year has passed, the Embassy has not returned the case to USCIS for revocation and has not provided any explanation regarding why Ilihin Hassan Ibrahim's visa was refused.

17. Plaintiffs have exhausted their administrative remedies. As of their latest inquiries, Ahmed Mohamed Beladi's case was still with the NVC.

18. As a result of Defendants' unreasonable delay in adjudicating Ibrahim's application, Plaintiffs have been unable to move forward with the next steps to process Ibrahim's visa with USCIS. Their lives have been affected in that they have not been able to start their married life as a couple, and they have been deprived of important benefits, rights, and protections to which they would be entitled as a married couple if Ilihin Hassan Ibrahim's application had been approved.

## V.  STATUTORY AND REGULATORY FRAMEWORK

19. The Immigration and Nationality Act ("INA") provides for the admission of immigrants to the United States who meet the requirements set forth therein. *See* 8 U.S.C. § 1154 et seq.

20. The determination of eligibility for an immigrant visa, unlike the granting of the visa itself, is a purely legal question and does not implicate agency discretion. "An eligible immigrant may have his application denied within the discretion of the agency. But the immigrant's eligibility itself is determined by statute." *Pinho v. Gonzales*, 432 F.3d 193, 203 (3rd Cir. 2005.) Even post-REAL ID Act of 2005, purely legal determinations by the agency remain subject to judicial review. *See Sepulveda v. Gonzales*, 407 F.3d 59, 63 (2d Cir. 2005) ("[Section] 1252(a)(2)(B) does not bar judicial review of nondiscretionary, or purely legal, decisions"). While deference may be given to an agency's reasonable interpretation of a statute, "It is the agency's burden, however, to establish the facts supporting inadmissibility 'by clear, unequivocal and convincing evidence.' " *Pinho*, 432 F.3d at 204 (citing *Sandoval v. INS*, 240 F.3d 577, 581 (7th Cir. 2001)); *see also Galvez v. Howerton*, 503 F. Supp. 35, 36 (C.D. Cal. 1980).

21. The Administrative Procedure Act requires Defendants to process Beladi and Ibrahim's visa petition within a reasonable period. *See* 5 U.S.C. §§ 555(b), 706(1).

22. Plaintiffs have exhausted their administrative remedies. The U.S. Embassy in Addis Ababa, Ethiopia has failed to return the case to USCIS so that the next steps may be taken in processing the Petition. It has been more than a

year. USCIS has not taken steps towards the revocation of the Petition. As such, the delays have become unreasonable for Plaintiffs.

## VI. CLAIM FOR RELIEF

23. Plaintiffs re-allege Paragraphs 1-22 as though fully set forth here.

24. Defendants and those working under them have unreasonably delayed in the final adjudication of Plaintiffs' application for an immigrant visa.

25. The delay in completing the adjudication cannot be attributed to Plaintiffs in any way.

26. Plaintiffs have exhausted any administrative remedies that might exist. No other remedy exists for them to resolve Defendants' delay.

WHEREFORE, Plaintiffs ask this Court:

27. To enter judgment declaring, in accordance with 28 U.S.C. § 2201, that Defendants' actions and omissions violate the Administrative Procedure Act. *See* 5 U.S.C. §§ 555(b) and 706(1).

28. To order Defendants and those acting under them to perform their duty to adjudicate Plaintiff Ibrahim's immigrant visa application or return the case to USCIS for further processing.

29. To order Defendants and those acting under them to perform their duty to provide notice of their intention to revoke Plaintiff Ibrahim's visa petition

7

and provide the justification for such action so that Plaintiffs may appropriately respond to such notice.

30. To order an award of reasonable attorneys' fees and costs of this litigation to Plaintiffs. *See* 28 U.S.C. § 2412.

31. To grant such other and further relief as this Court may deem just and proper.

Date: 02.17.2021                                         Respectfully submitted,


                                          By:  /s/*David J. Freedman*
                                                David J. Freedman, Esquire
                                                (Pa. Id. # 207257)
                                                dfreedman@barley.com
                                                Lauren D. Berkowitz, Esquire
                                                (Pa. Id# 322969)
                                                lberkowitz@barley.com
                                                Barley Snyder, LLP
                                                126 East King Street
                                                Lancaster, PA 17602
                                                Telephone: (717) 399-1578
                                                *Attorneys for Plaintiffs*

8350263.2